UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DONALD S. NOOT, SR.,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVID FRANK NOOT,<br><br>    Defendant. | Case No. 1:21-cv-00155-BLW<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

## INTRODUCTION

Before the Court is Plaintiff Donald Noot, Sr.'s Status Report and Motion for Sanctions (Dkt. 26). For the reasons explained below, the Court will deny this motion without prejudice and refer this matter to a United States Magistrate for further proceedings, as the Magistrate Judge deems appropriate.

## BACKGROUND

In April 2021, Plaintiff Donald Noot, Sr. sued David Noot, alleging that he had failed to repay a $270,000 loan. Several months later, counsel informed Court staff that the parties had mediated their dispute and reached an agreement in principle. Counsel reported that the parties would be submitting a stipulated, proposed order of dismissal within the next few days. (Plaintiff's counsel conveyed this information to Court staff in an email, copying defense counsel.)

The parties did not file that proposed dismissal, however, and in June 2022, defense counsel withdrew. David Noot now represents himself. He has argued that he "never agreed to anything," and he is refusing to sign the settlement agreement. Plaintiff responded with the pending motion, which asks the Court to: (1) compel David Noot to sign the settlement agreement; (2) enter a judgment of dismissal incorporating the terms of the settlement agreement; and (3) retain jurisdiction to enforce the settlement agreement. Defendant opposes the motion.

## DISCUSSION

Generally, after an entry of judgment or dismissal, a federal court must have an independent basis for jurisdiction to enforce a settlement agreement. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). But before entry of judgment or dismissal – that is, while the litigation remains pending – district courts have jurisdiction to enforce settlement agreements. *See, e.g., In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994). Still, though, "the district court may enforce only complete settlement agreements. Where material facts concerning the existence or terms of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987).

Under these circumstances, the Court will deny the pending motion without prejudice. First, the Court does not have any declarations before it – just argument

and exhibits. Thus, it cannot make the threshold determination as to whether there are any disputed material facts concerning the existence or terms of the settlement agreement. Second, if there are disputed material facts, an evidentiary hearing will be necessary. Either way, further proceedings will be necessary. In order to expedite those proceedings – and the resolution of this case – the Court will refer this matter to a United States Magistrate Judge.

## ORDER

IT IS ORDERED that:

1. Defendant's Motion for Sanctions (Dkt. 26) is **DENIED WITHOUT PREJUDICE.**

2. Plaintiff's Motion for an Extension (Dkt. 33) is **RETROACTIVELY GRANTED.** The Court considered his late-filed response at Dkt. 34 in issuing this decision.

3. The Court will **REFER** this action to a Magistrate Judge, as will be set forth in a separately entered Order of Referral.

DATED: March 1, 2023

B. Lynn Winmill
U.S. District Court Judge