UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DONALD S. NOOT, SR.,<br><br>Plaintiff,<br><br>v.<br><br>DAVID FRANK NOOT,<br><br>Defendant. | Case No. 1:21-cv-00155-BLW<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF MAGISTRATE JUDGE** |

# INTRODUCTION

This matter is before the Court on a Report & Recommendation issued by United States Magistrate Judge Debora K. Grasham. *See* Dkt. 45. Judge Grasham issued her Report & Recommendation on August 28, 2023. Over a month later, on October 2, 2023—well after the 14-day period for objecting to the Report & Recommendation had passed—this Court entered an order adopting the Report & Recommendation. *See* Dkt. 46. In that order, the Court directed the parties to execute settlement documents within 14 days.

Defendant David Noot did not execute the settlement documents as ordered. Instead, he filed a flurry of motions after the Court adopted the Report & Recommendation. *See* Dkts. 48, 49, 50, 53. In one of those motions, Plaintiff asked for an opportunity to object to Judge Grasham's August 28, 2023 Report &

ORDER ADOPTING REPORT & RECOMMENDATION - 1

Recommendation, even though the deadline had long since passed. Judge Grasham granted that motion, and Defendant has now filed objections to the Report & Recommendation.

Pursuant to 28 U.S.C. § 636, the Court has now conducted a de novo review of those portions of the Report & Recommendation to which Defendant objects. For the reasons explained below, the Court will overrule the objections and once again accept the findings and recommendations of the Magistrate Judge and adopt the Report & Recommendation in its entirety.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a de novo review. To the extent that no objections are made, arguments to the contrary are waived, and "the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72; *see also* 28 U.S.C. § 636(b)(1); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

**ORDER ADOPTING REPORT & RECOMMENDATION - 2**

## BACKGROUND

The relevant factual and procedural background, which are properly articulated in the Report & Recommendation, will not be repeated here. *See* Dkt. 45. To ground the discussion, however, the Court will briefly highlight a few key facts.

In April 2021, Plaintiff Donald Noot, Sr. sued David Noot, alleging that he had failed to repay a $270,000 loan. Several months later, counsel informed Court staff that the parties had mediated their dispute and reached an agreement in principle. Counsel reported that the parties would be submitting a stipulated, proposed order of dismissal within the next few days. (Plaintiff's counsel conveyed this information to Court staff in an email, copying defense counsel.)

The parties did not file that proposed dismissal, however, and in June 2022, defense counsel withdrew. Since that point, Defendant David Noot has represented himself, and he argued that he "never agreed to anything" and therefore refused to sign the settlement agreement. Plaintiff responded with a motion asking the Court to (1) compel Defendant to sign the settlement agreement; (2) enter a judgment of dismissal incorporating the terms of the settlement agreement; and (3) retain jurisdiction to enforce the settlement agreement. The Court denied the motion without prejudice and referred the matter to a magistrate judge.

Following that referral, Plaintiff renewed his motion to enforce the settlement agreement. *See* Dkt. 40. After having considered the parties' submissions, Judge Grasham recommended that the Court grant the motion, in part, as she recommended that the parties should be ordered to sign the settlement documents. *See* Dkt. 45.

## DISCUSSION

Defendant's objections to the Report & Recommendation are stated as follows in his brief:

1. I reject any evidence regarding mediation communications based on Federal Rule of Evidence 408.

2. I have material evidence showing that this was not a loan to David Frank Noot, Sr., but to Noot Group, LLC. This litigation is being brought wrongfully against me, instead of Noot Group, LLC. …

3. No modification to the terms of this loan to Noot Group, LLC were written or modified in divorce decree. In 2014, it was mutually agreed to terms were to stop on the interest only payments of this loan to Noot Group, LLC. With this there were no modified term obligations.

4. Since the last modification in 2014, this litigation is well past the statute of limitations for civil actions. Idaho statutes title 5, chapter 2, section 5-216.

*Objection,* Dkt. 56, at 1.

The Court is not persuaded by any of these objections. The first objection, relating to Federal Rule of Evidence 408, misses the mark because in this case, the settlement discussions were submitted to show the fact of a settlement agreement,

**ORDER ADOPTING REPORT & RECOMMENDATION - 4**

not for any purpose prohibited under Rule 408. *See Cates v. Morgan Portable Bldg. Corp.*, 780 F.2d 683, 691 (7th Cir. 1985) ("Obviously a settlement agreement is admissible to prove the parties' undertakings in the agreement, should it be argued that a party broke the agreement."); *Dye v. Sachs (In re Flashcom, Inc.)*, No. CC–13–1311–KuDaKi, 2014 WL 4923073, at *12 (B.A.P. 9th Cir. Oct. 1, 2014). And the second, third, and fourth objections focus on the underlying dispute, rather than the fact of the settlement agreement. In the face of the evidence submitted by the Plaintiff, which shows that the parties agreed to settle this matter, Defendant failed to come forward with any admissible evidence to the contrary. Accordingly, the Court will overrule the objections and adopt the Report & Recommendation in its entirety.

## ORDER

IT IS ORDERED that:

1. Defendant's Objections (Dkt. 56) to the United States Magistrate Judge Debora K. Grasham's Report & Recommendation are **OVERRULED.**

2. The Court adopts the Report & Recommendation (Dkt. 45) in its entirety. Accordingly, Plaintiff's Motion to Enforce Settlement Agreement and Renewed Motion for Sanctions (Dkt. 40) is **GRANTED IN PART and DENIED IN PART** as follows:

    (a) The motion is GRANTED to the extent that the parties are ordered to

execute settlement documents provided by Plaintiff within fourteen (14) days and shall satisfy the terms as stated therein.

(b) The motion is DENIED insofar as the Plaintiff seeks to have this Court impose additional sanctions against Defendant and retain jurisdiction over enforcement of the settlement agreement after this matter is resolved

DATED: July 29, 2024

B. Lynn Winmill
U.S. District Court Judge